DELEHANTY, J. The judgment and order appealed from must be reversed. The conceded question in the case, upon which all others hinge, is whether the defendant ever received into its care the baggage in question. If there was no delivery to it, there could be no liability, for such only attaches from the time of delivery and acceptance. Grosvenor v. Railroad Co., 39 N. Y. 34. The most favorable inference to be drawn from the testimony in aid of plaintiff's contention that there was a delivery brings it far from the point of connection. The plaintiff's own testimony is to the effect that when she arrived at Antwerp she took the receipt or bill of lading which she had received for her baggage at Slatro when she commenced her journey, and gave it to the trainman, who in return gave her a freight receipt for same. This was in the railroad station, and then and there she says she saw her baggage. This freight receipt purports upon its face to have been issued by the Imperial Royal Austrian Government Railways, and on the reverse thereof is written, "Baggage will follow as soon as it arrives," and stamped, "Red Star Line, Antwerp, May 25th, 1901, Baggage Department." While it is conceded that the Red Star Line is part of the defendant corporation, yet I have searched the record in vain to discover authority in any one to place its stamp in writing upon the back of that paper; and yet it in itself is relied on to connect and bind defendant in this case. There is not a vestige of evidence of delivery to defendant, and the very paper relied upon negatives the proposition. For, even assuming the stamp and writing in question were regularly placed thereon by defendant's duly authorized agent, the evidence shows that at the time it was done there had been no delivery. The burden was on the plaintiff to show a delivery, and, until she did so, defendant could not be made responsible for the baggage in question. Aikin v. Westcott, 123 N. Y. 363, 25 N. E. 503. The motion to dismiss should have been granted, and for the error thus committed the judgment and order appealed from must be reversed and a new trial granted to appellant, with costs to appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.

O'DWYER, J., concurs.

(38 Misc. Rep. 795.)

### SCHWARTZ v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term. June, 1902.)

1. STREET RAILROADS—NEGLIGENCE—INSTRUCTIONS.

Defendant being entitled to have the question of contributory negligence submitted, plaintiff's requested instruction that if defendant was negligent in running the car after plaintiff had fallen, and while he was being dragged, is properly refused, as eliminating the question.

Appeal from trial term.

Action by Max Schwartz against the Metropolitan Street Railway Company. From a judgment on a verdict for defendant, and from

an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SEABURY and CONLAN, JJ.

Oswald N. Jacoby, for appellant.

Henry A. Robinson, for respondent.

CONLAN, J. The action was brought to recover damages for the alleged negligence of the defendant in operating one of its cars. So far as the facts of the case are concerned, it may with truth be said that there is scarcely a single point on which both parties are in accord, and the evidence thus adduced upon the trial was submitted to the jury in a charge which was eminently fair to both sides. Indeed, the only exception to the charge presented for our consideration was to the refusal of the trial justice to charge, as requested by the plaintiff, that, "irrespective of stopping the car at either corner of Grand street, if the jury find that the defendant was negligent in running that car after the plaintiff had fallen, and while he was being dragged along the ground until the car came to a stop, then the verdict should be for the plaintiff." A decision of this question in the plaintiff's favor would have entirely eliminated from the case the question of the plaintiff's contributory negligence. Wright v. Railroad Co. (Sup.) 5 N. Y. Supp. 707. And this precise question was one which the defendant was entitled to have submitted to the jury. The jury determined the whole case upon a sharp conflict of evidence, and with their determination we are not disposed to interfere. The judgment and order appealed from must be affirmed, with costs.

Judgment and order affirmed, with costs. All concur.